# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ALBERT TERRY GRANDBERRY,

                    Petitioner,                  Case Number: 2:08-CV-11646

v.                                             HONORABLE PAUL D. BORMAN
                                                    UNITED STATES DISTRICT JUDGE

SHIRLEY HARRY,

                    Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Albert Terry Grandberry, a state inmate currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his convictions for armed robbery, felon in possession of a firearm, and two counts of possession of a firearm during the commission of a felony, raising numerous claims of ineffective assistance of counsel. For the reasons set forth below, the Court denies the petition.

## I.

The Michigan Court of Appeals set forth the facts relevant to Petitioner's convictions as follows:

> On August 21, 2003, at approximately 4 a.m., police observed defendant driving in the area of Middlebelt and Nine Mile Roads in Farmington Hills, Michigan. Defendant drew suspicion because of the hour of day and because his clothing, including a leather jacket, was heavy for the time of year and was all dark. Defendant also fit the description of a suspect wanted in connection with other armed robberies. Defendant was observed stopping his vehicle in front of a 7-11 convenience store for several seconds before driving off. Additional undercover police, in unmarked vehicles, were called to the area to help maintain surveillance

on defendant.

Approximately fifteen minutes later, defendant entered the 7-11 convenience store. Defendant, wearing a mask and dark clothing and brandishing a semi-automatic shotgun, demanded that the lone clerk give him money from the store's two cash registers. Defendant took cash from both registers after the clerk opened them, including a $2 bill whose serial number had been recorded by the store. Defendant grabbed several packs of cigarettes, put them into a brown bag he was carrying and left the store.

Police observed defendant leaving the store carrying a bag and a shotgun. Defendant was arrested by Farmington Hills police as he attempted to drive his car out of the lot in which he had parked. Defendant was identified at trial as the person taken from the vehicle.

At trial defendant denied that he was the person pulled from the getaway car and disputed that the gun, money and cigarettes recovered by police from his car were ever in his possession. Defendant claimed police misconduct but offered no proof other than his flat denial of responsibility for the crime.

*People v. Grandberry*, No. 254212, 2005 WL 2045971, at *1 (Mich. Ct. App. Aug. 25, 2002).

## II.

Petitioner was tried before a jury in Oakland County Circuit Court. He was found guilty of armed robbery, felon in possession of a firearm, and two counts of possession of a firearm during the commission of a felony. On February 5, 2004, he was sentenced as a fourth habitual offender to twenty to fifty years' imprisonment for the armed robbery conviction, four to twenty years' imprisonment for the felon-in-possession conviction, and two years' imprisonment for each of his two felony-firearm convictions.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

I.     Verdicts of guilty based upon insufficient evidence constitute a denial of due process.

II.    Sentence imposed violates constitutional guarantees against cruel and/or unusual

2

punishment.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Grandberry*, No. 254212, 2005 WL 2045971 (Mich. Ct. App. Aug. 25, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals and the following additional claims:

I.      Ineffective assistance of trial counsel.

II.     Prosecutorial misconduct

The Michigan Supreme Court denied leave to appeal. *People v. Grandberry*, 474 Mich. 980 (Mich. 2005).

On September 8, 2006, Petitioner filed a motion for relief from judgment in the trial court. He raised the following claims: (i) instructional error; (ii) trial counsel was ineffective for abandoning his defense by failing to locate and call an allegedly exculpatory witness; (iii) prosecutorial misconduct; and (iv) ineffective assistance of appellate counsel for failing to raise these issues on direct appeal. The trial court denied the motion. *People v. Grandberry*, No. 03-192074-FC (Oakland County Cir. Ct. Oct. 31, 2006).

Petitioner filed an application for leave to appeal the denial of his motion for relief from judgment in the Michigan Court of Appeals. He raised the following claims:

I.      The trial court erred in its opinion and order regarding the question of whether [Petitioner] was denied due process of law and meaningful appellate review of his conviction, where appellate counsel failed to raise the meritorious constitutional claims of error set forth in the post-appeal motion for relief from judgment.

II.     The trial court erred in its opinion and order regarding the question of whether [Petitioner] was deprived of his liberty without due process of law, his right to a properly instructed jury, and his right to the presumption of innocence, by the incomplete instruction given by the trial court on reasonable doubt.

III.     The trial court erred in its opinion and order regarding the question of whether [Petitioner] was deprived of his liberty without due process of law by the deficient performance of his defense attorney, where defense counsel abandoned [Petitioner's] defense and failed to locate a key corroborating defense witness, despite having filed a witness list notice that included that witness.

IV.     The trial court erred in its opinion and order regarding the question of whether [Petitioner] was deprived of his liberty interest without due process of law, and his right to a fair trial under the Michigan and federal constitutions, where the prosecutor improperly led a witness and suggested a crucial fact, and then argued that fact which was not in evidence, and which was unfairly prejudicial.

The Michigan Court of Appeals denied leave to appeal "for failure to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People v. Grandberry*, No. 275725 (Mich. Ct. App. June 8, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal because Petitioner "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People v. Grandberry*, No. 134284 (Mich. Oct. 29, 2007).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims:

I.      Ineffective assistance of trial counsel (failure to present police fabrication defense).

II.     Ineffective assistance of trial counsel (failure to seek suppression of audio tape).

III.    Ineffective assistance of trial counsel (failure to consider use of video surveillance tape).

IV.    Ineffective assistance of trial counsel (failure to investigate serial number of $2.00 bill which linked Petitioner to crime).

V.     Ineffective assistance of counsel (failure to address or consider racial profiling).

VI.    Ineffective assistance of counsel (bolstered testimony of prosecution's expert

witness).

VII.    Sentence is cruel and unusual punishment.

VIII.   Ineffective assistance of appellate counsel.

### III.

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Additionally, this Court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."  *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.* at 410-11.

**IV.**

Respondent argues that Petitioner's first through seventh claims are procedurally defaulted because they have not been exhausted in state court and no means for exhausting them remains available to Petitioner.

A prisoner challenging his confinement by way of a habeas corpus petition must exhaust his state court remedies prior to seeking federal habeas corpus relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99 (1995); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Prather*, 822 F.2d at 1420, n.3.

Petitioner's claims I through IV were presented only to the Michigan Supreme Court after the Michigan Court of Appeals affirmed his convictions on direct appeal. "[A]n issue has not been fairly presented when it is raised for the first time to the Michigan Supreme Court, and that court declines to exercise its right to discretionary review. *Warlick v. Romanowski*, No.

09-1199, 2010 WL 729528, at *8 (6th Cir. March 03, 2010) (unpublished), *citing Farley v. Lafler*, 193 F. App'x 543, 549 (6th Cir. 2006). These claims, therefore, are unexhausted. Petitioner's claims V through VII have not been presented to any state court.[1] Thus, Petitioner also has failed to exhaust his state court remedies with respect to these claims.

No state court remedy is available to Petitioner to exhaust his unexhausted claims because he already has filed one motion for relief from judgment in the state trial court and, pursuant to M.C.R. 6.502(G), he may not file a successive motion. Where a petitioner "fails to present his claims to the state courts and . . . is barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust." *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). However, a petitioner will not be allowed to present unexhausted claims unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal.

In his eighth claim for habeas corpus relief (incorrectly numbered claim VII in the petition), Petitioner asserts ineffective assistance of appellate counsel as cause to excuse the procedural default of these claims. However, ineffective assistance of appellate counsel would not excuse Petitioner's failure to present these claims on collateral review in state court. *Hannah*, 49 F.3d at 1196. *See also Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991);

---

[1] Petitioner presented a claim that his sentence violates the ban on cruel and unusual punishment on direct appeal in state court. However, that Eighth Amendment claim asserted a different factual basis than the claim asserted in the pending petition. The Eighth Amendment claim raised here, therefore, is unexhausted. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) ("A claim may only be considered 'fairly presented' if the petitioner asserted both the factual and legal basis for his claim to the state courts.").

*Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987) (holding that a criminal defendant has no right to counsel in state collateral proceedings brought after the completion of direct appellate review).

Moreover, Petitioner's ineffective assistance of appellate counsel claim is, itself, also procedurally defaulted. A claim of ineffective assistance of counsel asserted as cause to excuse a procedural default is itself an independent constitutional claim which requires proper exhaustion in the state courts. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). Although Petitioner presented certain ineffective assistance of counsel claims in state court, he asserted a different factual basis for these claims. Therefore, his ineffective assistance of appellate counsel claim is unexhausted and procedurally defaulted because there are no remedies available for Petitioner to exhaust. Thus, these claims are barred from review unless Petitioner can establish that a constitutional error resulted in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. *Id.* at 321. Petitioner must assert a constitutional error along with a claim of innocence. To make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court further explained this standard as follows:

> The . . . standard is intended to focus the inquiry on actual innocence. In assessing the adequacy of petitioner's showing, therefore, the district court is not bound by the rules of admissibility that would govern at trial. Instead, the emphasis on "actual innocence" allows the reviewing tribunal to consider the probative force of relevant evidence that was either excluded or unavailable at trial. . . . The habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including . . . evidence tenably claimed to have been wrongly excluded or to have become available only after

trial.

. . . .

> . . . [A]ctual innocence . . . does not merely require a showing that a reasonable
> doubt exists in the light of the new evidence, but rather that no reasonable juror
> would have found the defendant guilty.  It is not the district court's independent
> judgment as to whether reasonable doubt exists that the standard addresses; rather
> the standard requires the district court to make a probabilistic determination about
> what reasonable, properly instructed jurors would do.  Thus, a petitioner does not
> meet the threshold requirement unless he persuades the district court that, in light
> of the new evidence, no juror, acting reasonably, would have voted to find him
> guilty beyond a reasonable doubt.

*Id.* at 327-29 (internal quotation omitted).

Petitioner fails to present new, reliable evidence in light of which no reasonable juror would have found him guilty.  Therefore, Petitioner's claims are procedurally barred and habeas relief is denied.

**V.**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that all of the claims in the petition are procedurally defaulted.  Therefore, the Court

9

denies a certificate of appealability.

## VI.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is

**DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 19, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 19, 2010.


S/Denise Goodine
Case Manager